IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAMMY E. H., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-00259-BCW <br><br> Magistrate Judge Brooke C. Wells |

This case is before the undersigned following the parties' consent under Federal Rule of Civil Procedure 73.[1] An oral argument was held in this matter on August 23, 2018. David J. Holdsworth represented Plaintiff and Melissa C. Schuenemann represented Defendant. After hearing oral argument and having considered the parties' memoranda, the administrative record and relevant case law, the court finds the Administrative Law Judge's (ALJ) Residual Functional Capacity (RFC) determination was supported by substantial evidence and the correct legal standards were applied. The court adopts the reasoning set forth by Defendant in its answer brief.

Plaintiff, Tammy E.H.,[2] sustained injuries in an automobile accident in October 2012.[3] She alleged eligibility for disability insurance benefits due to degenerative disc disease of the cervical and lumbar spine, migraine headaches, fibromyalgia and chronic advanced

---

[1] ECF No. 12.
[2] Based on privacy concerns regarding personal information, the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 47.

chondromalcia of the patella.[4] A hearing was held on December 9, 2015, before an ALJ.[5] The ALJ found that although Plaintiff could not perform her past relevant work, she could perform other jobs available in significant numbers in the national economy and was thus not disabled.[6]

In her brief, Plaintiff argued the ALJ erred by failing to correctly (1) develop the record, consider and evaluate the medical evidence as to her mental impairments in framing her RFC; (2) consider and evaluate the combined and cumulative effect of her severe and non-severe physical impairments in framing the RFC; and (3) adopt an additional limitation contained in the third hypothetical provided to the vocational expert at the hearing—specifically that Plaintiff would be off task 10 to 15 percent of the time while on the job due to the effects of medication.[7]

At the hearing, Plaintiff's counsel acknowledged the record is sparse--there is no objective medical evidence regarding Plaintiff's physical or mental impairments. Plaintiff's counsel also conceded that in these types of cases, the ALJ, as the fact finder gets to weigh the evidence. At the hearing, Plaintiff's counsel focused on the third point, the sustainability argument, although he conceded the ALJ is not required to use a hypothetical in the RFC analysis which includes limitations the claimant alleges, but which the ALJ does not accept. This is correct. The ALJ is not required to include limitations in the RFC that are not supported in the record.[8] In fact, there is only one record indicating Plaintiff received counseling on one occasion.[9] It is the Plaintiff's burden to provide proof of her disability. The ALJ is only required to develop the record when there is insufficient evidence to make a disability determination.[10]

---

[4] Tr. 26, 45, and 65.
[5] Tr. 24.
[6] Tr. 32-33.
[7] Pl. Br. at 11-12.
[8] *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).
[9] Tr. 548-51.
[10] *Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009).

The court appreciates Plaintiff's counsel's candor in this matter. The court agrees that the evidence in the record was sparse. Reviewing the record, it does not appear the Plaintiff has met her burden. The ALJ's decision is supported by substantial evidence and the correct legal standards were applied.[11] Accordingly, the decision of the Commissioner is affirmed and the Clerk of the Court is directed to close this case.

DATED: this 14th day of September, 2018.

Brooke C. Wells
U.S. Magistrate Judge

---

[11] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").